UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT GRUNDSTEIN, | ) | CASE NO. 1:09 CV 32 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| CITY OF NORTH ROYALTON, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On January 7, 2009, pro se plaintiff Robert Grundstein filed this action under 42 U.S.C. § 1983 against the City of North Royalton, North Royalton City Prosecutor Joseph O'Malley and North Royalton Police Chief Bican.[1]  In the complaint, Mr. Grundstein asserts claims for Malicious Prosecution, False Imprisonment, and Breach of Contract.  He seeks monetary and injunctive relief.

**Background**

Since December 2007, Mr. Grundstein has had several criminal actions brought against him in Ohio Municipal Courts.  Mr. Grundstein, who is a resident of Eden Mills, Vermont,

---

[1]      Joseph O'Malley is no relation to the undersigned.

owns a condominium in North Royalton, Ohio.  The association which manages the condominium complex employs Debra Kuhn to perform services not described in the complaint.  Criminal charges of aggravated menacing and telecommunications harassment were filed by Chagrin Falls, Ohio authorities against Mr. Grundstein on December 21, 2007.  Ms. Kuhn was the alleged victim of these crimes.  The matter was scheduled for trial in the Bedford Municipal Court, which has jurisdiction over criminal cases filed in Chagrin Falls.  Mr. Grundstein does not elaborate on these criminal proceedings, except to say that the charges were dismissed on February 19, 2008.

Four months later, North Royalton authorities filed charges of menacing and telephone harassment against Mr. Grundstein in the Parma Municipal Court.  Mr. Grundstein claims these charges arise from the same incident that was the subject of his prosecution by Chagrin Falls authorities.  Pursuant to a plea agreement with the city prosecutor, Mr. Grundstein pled "no contest" to the charges.  He was sentenced on October 27, 2008 to 30 days in jail, which was suspended upon successful completion of a probation period.  Upon accepting his plea, the Judge verbally admonished Mr. Grundstein to avoid having any contact with Ms. Kuhn.  Mr. Grundstein alleges that this statement was not memorialized in the court's journal entry.

After returning to Vermont, Mr. Grundstein sent a letter on November 5, 2008 to Ms. Kuhn's supervisor, Linda Giordano, at the condominium association demanding Ms. Kuhn's termination from her employment.  In the letter, he states, "Get rid of that fat, incompetent, Kuhn, and run the condo in an intelligent and honest manner."  See Grundstein v. State of Ohio, Case No. 1:09 CV 31 (N.D. Ohio filed Jan. 9, 2009).  Further down in the text of the letter, he again demands:

> Get Rid of Kuhn.  There is no provision in the bylaws for her
> position, we have a treasurer, she doesn't know utility hedging or

2

> anything else besides bookkeeping and I heard Fred Agresta came to
> Cleveland to remove her power of attorney because she failed him.
> Bookkeeping costs about $200.00 per month.
>
> She's a slob with high school credentials you hired to do YOUR
> responsibilities... .

Id..  Mr. Grundstein's probation officer considered the letter to be a violation of the Judge's admonishment to have no contact with the victim.  She sent a notice to Mr. Grundstein on November 20, 2008 informing him he had been charged with violating the terms of his probation. A probation revocation hearing was scheduled for January 12, 2009.

Mr. Grundstein challenges his conviction in the Parma Municipal Court in October 2008 and the manner in which he was arrested on those charges.  He first attacks the authority of the City of North Royalton to bring charges against him.  He contends that the City of Chagrin Falls filed charges against him pertaining to the same incident and he believes that the dismissal of charges pursuant to a plea agreement by one City should prevent the other City from also pursuing charges.  He brings claims of malicious prosecution and breach of contract as it pertains to his plea agreement.  He also claims he was falsely imprisoned.  He contends he received a telephone call from a North Royalton Police Detective informing him of the new charges.  He was told bail would be $700.  He claims he was also told he could simply post bail and leave without incarceration.  Mr. Grundstein drove from Vermont to post his bail.  When he arrived he was arrested.  He attempted to post bail, but was told he would have to pay separately for each charge.  He claims he could not pay $ 350 for each charge and was held in custody.  He does not say how long he remained in jail before his bail was accepted.  Finally, Mr. Grundstein attacks the validity of the pending probation violation charges.  He seeks monetary damages and unspecified injunctive relief.

3

**Analysis**

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).  The claims asserted in this action satisfy these criteria.

As an initial matter, none of the defendants is a proper party to an action filed under 42 U.S.C. § 1983. Generally, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999).  The complaint contains no suggestion of a custom or policy of the City of North Royalton which may have resulted in the deprivation of a federally protected right of the plaintiff.

Similarly, Chief Bican cannot be held liable for the actions of one of his employees. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a

mere failure to act." <u>Bass v. Robinson</u>, 167 F.3d 1041, 1048 (6th Cir.1999) (citing <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1246 (1989)). Rather, the supervisor must have actively engaged in unconstitutional behavior.  <u>Id.</u>  Liability must lie, therefore, upon more than a mere right to control employees and cannot rely on simple negligence.  <u>Id.</u>  Although the police chief is the supervisor of the officers in his city, Mr. Grundstein must prove that the police chief did more than play a passive role in the alleged violations or show mere tacit approval of the events to hold him liable for damages.  <u>Id</u>. Plaintiff must show that the supervisor somehow encouraged or condoned the actions of his subordinates.  <u>Id.</u>; <u>see also</u> <u>Copeland v. Machulis</u>, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the complaint which mention Chief Bican or otherwise reasonably indicate that he encouraged or condoned the actions of his officers.

Finally, the prosecutor, Joseph O'Malley, is absolutely immune from damages. Prosecutors are also entitled to absolute immunity  from damages for initiating a prosecution and in presenting the state's case.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976); <u>Pusey v. Youngstown</u>, 11 F.3d 652, 658 (6th Cir. 1993).  He or she must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court.  <u>Skinner v. Govorchin</u>, 463 F.3d 518, 525 (6th Cir. 2006).  This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages.  <u>Id.</u>  These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's attorney.  <u>Imbler</u>, 424 U.S. at 424-25; <u>Skinner</u>, 463 F.3d at 525.  Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate.

Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir.2003).  Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." Id. at 431; Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir.2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," Cooper v. Parrish, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit," Al-Bari v. Winn, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).  In this instance, the challenged actions of Joseph O'Malley were all intimately associated with the decision to prosecute Mr. Grundstein.  The complaint contains no facts which indicate that Mr. O'Malley participated in any other kind of activity.  Consequently, he is entitled to absolute immunity.

Moreover, even if Mr. Grundstein had named proper parties to this suit, it still could not proceed.  To the extent that he is challenging his October 2008 conviction in North Royalton, his claims must be dismissed.  A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994).  The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief.  Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Mr. Grundstein's claims for malicious prosecution and breach of contract are premised on his contention that North Royalton could not bring charges against him after Chagrin Falls dismissed similar charges.  If found to have merit, these claims

6

would call into question the validity of his conviction in North Royalton.  He does not allege his conviction has been declared invalid by either an Ohio state court or a federal habeas corpus decision.  These claims must therefore be dismissed.

To the extent that he is challenging the validity of the facts giving rise to his probation violation charge, the court must abstain from hearing his claim.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  See Younger v. Harris, 401 U.S. 37, 44-45 (1971).  Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State."  Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case.  The issues presented in the complaint are clearly the subject of a state court criminal matter, which are of paramount state interest.  See Younger, 401 U.S. at 44-45.  Furthermore, Mr. Grundstein has not set forth facts which reasonably suggest  the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims.  Consequently, this court is required to abstain from intervening in the Parma Municipal Court's proceedings.

## Conclusion

Accordingly, this action is dismissed.  The court certifies, pursuant to 28 U.S.C. §

7

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

           IT IS SO ORDERED.


                                    s/ Kathleen M. O'Malley
                                    KATHLEEN M. O'MALLEY
                                    UNITED STATES DISTRICT JUDGE

DATED:  March 24, 2009

---

[2]     28 U.S.C. § 1915(a)(3) provides:

     An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

8